UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

H. DAYA INTERNATIONAL, CO., LTD.,

                Plaintiff,

    - against -

DO DENIM LLC, REWARD JEAN LLC, R. SISKIND & COMPANY, INC., SALOMON MURCIANO, VINTAGE APPAREL GROUP LLC, RICHARD SISKIND, and ONLY BRANDS, INC.,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/29/22

16 Civ. 8668 (VM)

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

    Before the Court is a motion from plaintiff H. Daya International Co. Ltd. ("H. Daya") for reconsideration of the Court's Decision and Order, dated March 31, 2022 ("SJ Order," Dkt. No. 23), denying H. Daya's motion for summary judgment. ("Motion" or "Mot.," Dkt. No. 240.) For the reasons stated below, the Motion is hereby **DENIED**.

                  **I.  BACKGROUND**

    The Court assumes familiarity with the factual and procedural background as set forth in the SJ Order. See H. Daya Int'l Co. v. Do Denim LLC, No. 16 Civ. 8668, 2022 WL 974382 (S.D.N.Y. Mar. 31, 2022). To briefly summarize, H. Daya filed this action against Do Denim LLC ("Do Denim"), Reward Jean LLC ("Reward," collectively with Do Denim, "Judgment Debtors"), R. Siskind & Company, Inc. ("RSC"), and

1

Vintage Apparel Group LLC ("Vintage," collectively with RSC and the Judgment Debtors, "Corporate Defendants") to obtain payment on a $1,157,012.23 judgment against Do Denim and Reward. Among other claims, H. Daya alleges that the Corporate Defendants are joint and severally liable under a de facto merger theory.

In its summary judgment papers, H. Daya advanced a theory that there was a de facto merger between the Corporate Defendants by way of two smaller de facto mergers that later formed one larger de facto merger. (See Dkt. No. 199 at 22-23.) Specifically, in its reply brief, H. Daya argued that "the first smaller merger included defendant Vintage and both judgment-debtor-defendants Do Denim LLC and Reward Jean LLC, all of whom had a common owner in defendant Murciano, while the second smaller merger included defendants Vintage and RSC with their common owner." ("H. Daya Reply Br.," Dkt. No. 228 at 9.)

H. Daya now moves for reconsideration on the grounds that the Court overlooked a case that H. Daya cited in its summary judgment papers and that H. Daya contends supports its theory of smaller mergers leading to a larger merger among the Corporate Defendants. (See Mot. at 1-2.)

## II.   LEGAL STANDARD

Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Yi Xiang v. Inovalon Holdings, Inc., 268 F. Supp. 3d 515, 519 (S.D.N.Y. 2017) (quoting In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). As the Second Circuit has explained, the standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Van Buskirk v. United Grp. Cos., 935 F.3d 49, 54 (2d Cir. 2019) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 4478, at 790 (2d ed.)); accord Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013). "[A] motion to

3

reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader, 70 F.3d at 257.

### III. DISCUSSION

A de facto merger is a form of successor liability that is typically a vehicle for holding "the purchaser of a corporation's assets" liable "for the seller's debts." Cargo Partner AG v. Albartrans, Inc., 352 F.3d 41, 45 (2d Cir. 2003). There are four hallmarks for identifying a de facto merger, one of which is continuity of ownership. See New York v. Nat'l Serv. Indus., Inc., 460 F.3d 201, 209 (2d Cir. 2006)). While not all of the hallmarks are necessary to establish a de facto merger, "'continuity of ownership is the essence of a merger,' and the doctrine of de facto merger cannot apply in its absence." Priestley v. Headminder, Inc., 647 F.3d 497, 505 (2d Cir. 2011) (citation omitted).

In the SJ Order, the Court addressed H. Daya's theory that it established continuity of ownership between the Corporate Defendants by way of "two smaller defacto [sic] mergers" between RSC and Vintage, on one side, and Do Denim and Reward, on the other, which facilitated a "single larger defacto [sic] merger" between all the companies. H. Daya, 2022 WL 974382, at *13. The Court found that although H. Daya asserted there was a de facto merger between RSC and Vintage,

4

H. Daya was advancing an alter ego theory of liability by alleging that RSC and Vintage operated as a single company. Id. Although successor liability is typically a vehicle for holding the purchaser of a corporation's assets liable for the seller's debts, under New York law, "an aggrieved party can still seek to impose liability on an individual associated with the successor entity under a corporate veil-piercing theory." Ji Li v. New Ichiro Sushi, Inc., No. 14 Civ. 10242, 2020 WL 2094095, at *5 (S.D.N.Y. Apr. 30, 2020); Tommy Lee Handbags, 971 F. Supp. 2d at 374-80 (finding plaintiff adequately alleged de facto merger claim based on alter ego theory).

Under New York's choice of law principles, the law of the state of incorporation determines whether it is appropriate to pierce the corporate veil. See Nat'l Gear & Piston, Inc. v. Cummins Power Sys., LLC, 975 F. Supp. 2d 392, 401 (S.D.N.Y. 2013). Since the parties did not brief the issue of piercing the corporate veil, the Court deferred judgment on whether H. Daya established a de facto merger claim based on an alter ego theory. See H. Daya, 2022 WL 974382, at *13-14.

In the Motion, H. Daya argues that the Court overlooked Recurrent Capital Bridge Fund I LLC v. ISR Systems & Sensors Corp., 875 F. Supp. 2d 297 (S.D.N.Y. 2012), which H. Daya

cited in its reply brief in support of its motion for summary judgment. (See H. Daya Reply Br. at 7.) In particular, H. Daya contends that Recurrent supports its alternative theory of a smaller de facto merger between Vintage and the Judgment Debtors, on one side, and RSC and Vintage, on the other side. (See Mot. 1-2.) But that case is not fully analogous here. The Recurrent court found, at the motion to dismiss stage, that the plaintiff adequately alleged continuity of ownership between a successive chain of four companies because the companies shared common owners. Id. at 308-09 (noting that three companies had "substantial ownership in common," and that "the ownership and management . . . formed [the fourth] company").

While the Recurrent court accepted a theory of a de facto merger among several companies, that theory is inapplicable here unless H. Daya can establish that that (1) there was a de facto merger between Vintage and the Judgment Debtors, and (2) RSC and Vintage were alter egos, which warrants piercing the corporate veil between them. See H. Daya, 2022 WL 974382, at *13-14. Since the Court already found that H. Daya's de facto merger claim requires establishing these two conditions, the Court finds that reconsideration of the SJ Order is unwarranted, and H. Daya's Motion should be denied.

**ORDER**

For the reasons stated above, it is hereby

**ORDERED** that the motion filed by plaintiff H. Daya International Co. Ltd. (see Dkt. No. 240) for reconsideration of the Court's Order, dated March 31, 2022 (Dkt. No. 239) is **DENIED.**

**SO ORDERED.**

Dated:   April 29, 2022
         New York, New York

_____
Victor Marrero
U.S.D.J.